UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

FILED

2018 OCT 16 P 3: 11

U.S. DISTRICT COURT
NEW HAVEN, CT.

UNITED STATES OF AMERICA

v.                                   Crim. No. 3:18-cr-171(SRU)

ARBER ISAKU, et al.

### AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Douglas P. Morabito, being duly sworn, depose and state:

1. I am a citizen of the United States of America, residing in the State of Connecticut.

2. From October, 2002 until the present, I have been employed by the United States Attorney's Office for the District of Connecticut as an Assistant United States Attorney.

3. As an Assistant United States Attorney, I am responsible for the preparation and prosecution of criminal cases. In the course of my duties I have become familiar with the charges and the evidence in the case of United States v. Vincent Decaro, et al. [2:18-cr-171(SRU)]. I submit this sworn affidavit pursuant to the Treaty of Extradition between the United States of America and the Kingdom of Albania (1933) (the "Treaty"), as well as United Nations Convention Against Transnational Organized Crime of November 15, 2000 ("UNTOC").

4. This prosecution arose from an investigation by the U.S. Postal Inspection Service ("USPIS") and the Drug Enforcement Administration ("DEA") conducted in 2018, which revealed Vincent Decaro (DECARO) and Arber Isaku (ISAKU) were operating a Dark Web fentanyl trafficking organization called the East Coast Cartel Kings (ECCK).

5. As described in greater evidentiary detail in the Affidavit of Special Agent Ryan Mensing of the Drug Enforcement Administration ("DEA"), the criminal organization pressed

fentanyl[1] analogues purchased from China into counterfeit oxycodone pills that they distributed through the Dark Web markets called Hansa and Dream. As of December 2017, they operated out of DECARO's home in Stamford, Connecticut. A third defendant, David Reichard (REICHARD), helped to press pills and, on at least one occasion, helped to mail the pills to customers via the U.S. Mail.

6. During the course of this investigation, law enforcement authorities seized over 300 grams of fentanyl analogues as well as numerous items that were deemed to be related to Fentanyl processing and distribution, including two pieces of paper that appear to contain instructions on preparation of the Fentanyl; one hazardous material suit and one gas/respirator type mask; three pill presses (each containing powdery residue), inside of which were stamps used to mark pills "A 215;" and numerous empty United States Postal mail envelopes.

### Criminal Charges against Arber ISAKU

7. On 7 August 2018, a grand jury in the United States District Court for the District of Connecticut returned an indictment charging DECARO, ISAKU, and REICHARD with conspiracy to distribute and to possess with intent to distribute fentanyl analogue, possession with intent to distribute 100 grams or more of fentanyl analogue, and possession with intent to distribute fentanyl analogue and aiding and abetting. An indictment is a formal accusation or charging document issued by a grand jury, which is a part of the judicial branch of the U.S. government. A grand jury consists of 16 to 23 citizens impaneled to review evidence of crimes

---

[1] For more information about the illegal drug fentanyl, see https://www.dea.gov/press-releases/2016/09/22/dea-issues-carfentanil-warning-police-and-public. The fentanyl problem in the United States has resulted in ever-increasing overdose deaths and continues to be a public health and law enforcement issue for the United States. A "fentanyl analogue" is a fentanyl-related substance that is structurally related to fentanyl.

presented to it by United States law enforcement authorities. Each member of the grand jury must review the evidence presented and determine whether there is probable cause to believe that a crime has been committed and that the defendant committed the crime. The grand jury may issue an indictment charging the defendant with a crime when at least 12 grand jurors determine that there is probable cause to believe that the defendant committed the crime. I have obtained a certified copy of this indictment, case number 3:18-cr-171(SRU), from the Clerk of the District Court of the District of Connecticut, and attached it to this affidavit as **Exhibit A**.

8.  After an indictment is issued, the court will normally issue a warrant for the arrest of the defendant. On 7 August 2018, at the direction of the Court, Robin D. Tabora, Clerk of the United States District Court for the District of Connecticut, issued a warrant for ISAKU's arrest for the charges in the indictment, criminal case number 3:18 CR-171(SRU). It is the practice of the United States District Court for the District of Connecticut to retain the original arrest warrant and file it with the records of the court. Therefore, I have obtained a copy of the arrest warrant, certified as true and accurate, from the clerk of the court have attached it to this affidavit as **Exhibit B**.

9.  The statutes cited in the indictment and those applicable to this case are Sections 846, 841(a)(1) and (b)(1)(C) and 853 of Title 21 of the United States Code and Section 2 of Title 18 of the United States Code. A violation of any of these statutes is punishable by a maximum sentence of more than one year in prison under United States law. ISAKU is charged in count One, Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl Analogue, in violation of Section 846 of Title 21 of the United States Code, which is is punishable by a maximum sentence of life imprisonment and a mandatory minimum of ten years imprisonment

under United States law. ISAKU is also charged in Count Three, Possession with Intent to Distribute Fentanyl Analogue, in violation of Sections 841(a) and 841((b)(1)(C) of Title 21 of the United States Code, which is is punishable by a maximum sentence of twenty years imprisonment under United States law. Each of these statutes was the duly enacted law of the United States at the time that the offenses were committed and at the time the indictment was filed, and is now in effect. Copies of these statutes are attached as **Exhibit C**.

10. Count One charges ISAKU, among others, with conspiracy to commit to distribute and to possess with intent to distribute 100 grams or more of a fentanyl analogue, in violation of Section 846 of Title 21 of the United States Code.

11. Under United States law, a conspiracy is an agreement to commit one or more criminal offenses. The agreement on which the conspiracy is based need not be expressed in writing or in words, but may be simply a tacit understanding by two or more persons to do something illegal. Conspirators enter into a partnership for a criminal purpose in which each member or participant becomes a partner or agent of every other member. A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the identities of all the other members of the conspiracy. If a person has an understanding of the unlawful nature of a plan and knowingly and willfully agrees to it, joining in the plan, he is guilty of conspiracy even though he did not participate before and may play only a minor part. A conspirator can be held criminally responsible for all reasonably foreseeable actions undertaken by other conspirators in furtherance of the criminal partnership.

12. To convict ISAKU on Count One, the government must establish beyond a reasonable doubt each of the following essential elements at trial: (1) On or about the dates

alleged in the Indictment, there was an agreement between two or more persons to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of fentanyl analogue; (2) the defendant knowingly, willfully, and voluntarily became a participant in, or a member of, the agreement, and did so with the intention of furthering an objective of the conspiracy; and (3) the object of the conspiracy involved the possession with intent to distribute and distribution of 100 grams or more of a mixture and substance containing a detectable amount of fentanyl analogue.

13. There are two elements for the offense charged in Counts Three that the government must prove beyond a reasonable doubt: (1) that ISAKU knowingly possessed a mixture or substance containing a detectable amount of the narcotics (here, fentanyl analogue); and (2) that ISAKU possessed the narcotic with the intent to deliver it to another person.

## Statute of Limitations

14. The applicable statute of limitations is found in Section 3282 of Title 18, United States Code. Section 3282 of Title 18 states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Count One of the indictment dated 7 August 2018 charges a conspiracy that began on or about July 2017, and continued through April 2018. Count Two of the indictment dated 7 August 2018 charges possession with intent to distribute fentanyl analogues on or about 3 April 2018. Under United States law, the limitations period stops running when the grand jury issues the indictment. Accordingly, the prosecution is not barred by the statute of limitations.

## Extraditability of the Offense Charge

15. The drug crimes charged in the Indictment are extraditable offenses under Article II of the Treaty.

### Identification

16. Arber ISAKU is a citizen of the United States, born on 19 October 1989. He is described as a white male with brown hair and brown eyes. His passport number is 444810302. Attached as Exhibit D is the affidavit of Special Agent Ryan Mensing of the DEA, which further details the evidence against Arber ISAKU and provides additional information on the identification of Arber ISAKU. Arber ISAKU was arrested on 21 September 2018 in Albania, and is currently in custody pending extradition proceedings.

17. Pursuant to Article X of the United States-Albania Treaty, it is requested that any items, relevant to the charged offenses, found in ISAKU's possession at the time of his arrest, be delivered to the United States, if the extradition is granted.

18. Should Albanian authorities require supplementary information in order to grant the extradition, I ask for a reasonable time to provide it in accordance with Article 16, paragraph 16 of the UNTOC.

### Conclusion

19. Each of these affidavits was sworn to before a United States Magistrate Judge legally authorized to administer an oath for this purpose. I have thoroughly reviewed these affidavits and the attachments to them, and attest that this evidence indicates that Arber ISAKU is guilty of the offenses charged in the indictment.

_____
Douglas P. Morabito
Assistant U.S. Attorney
District of Connecticut

Signed and sworn to before me this 12T day of October, 2018, in New Haven, Connecticut.

/s/

SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE