UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : docket no. 3:18-CR-00171-SRU |
| | : |
| ARBER ISAKU, | : February 18, 2021 |
| Defendant. | |

### NOTICE (COMPLIANCE WITH COURT ORDER OF JANUARY 6, 2021)

The undersigned was appointed pursuant to the Criminal Justice Act to represent the defendant Arbor Isaku following his arrest and did represent Mr. Isaku at his presentment and met with him twice while he was detained.  Soon after Mr. Isaku's presentment, privately retained attorney Igor G. Kuperman appeared on behalf of Mr. Isaku, replacing the undersigned.  (Because the undersigned receives notices via ECF as to developments in the case, he has followed the progress of the prosecution with interest, albeit from afar.)

On January 6, 2021, the Court ordered "Jeremiah F. Donovan to be reappointed for purpose of discussion of this Curcio matter.  Attorney Donovan should advise the court of the status of these discussions."  Mr. Kuperman notified the undersigned of the Court's order.

The undersigned has discussed the matter with Mr. Kuperman, Assistant United States Attorney Douglas Morabito, and Attorney Audrey A. Felsen, counsel for co-defendant Vincent Decaro.  He has also engaged in two lengthy and wide-ranging conversations with Mr. Isaku.

The Court's order refers to a discussion of "this Curcio matter," *i.e.*, whether a conflict of interest with respect to Mr. Isaku's representation exists.  This report does not specifically discuss this matter, but provides information to the Court that will probably resolve the issue, and if the Court requires further discussion, counsel will, of course, comply with any further order of the Court.

After discussion with those involved, the undersigned believes that an irreconcilable breakdown in relations between Mr. Isaku and his present counsel exists and that the Court should appoint new counsel to represent Mr. Isaku.  Mr. Isaku has expressed that view; Mr. Kuperman does not contest it; and the undersigned has explored with Mr. Isaku the reasons that

he feels that proper attorney-client relations cannot exist.  Mr. Isaku has clearly thought the matter out thoroughly and is not acting on the basis of emotion, pique or whim.  After discussion, the undersigned concurs that there is an irreconcilable breakdown in relations and recommends to the Court that it appoint new counsel to represent Mr. Isaku.

The undersigned has discussed with Mr. Isaku his financial situation and it appears that Mr. Isaku would qualify for appointment of counsel under the Criminal Justice Act.  The undersigned has made arrangements to forward a CJA financial affidavit to Mr. Isaku (it is a bit complicated because Mr. Isaku cannot send and receive e-mails) and will move to file it under seal when it is received, which the undersigned believes will be within the next couple of days.

The undersigned is reluctant to make the following assertions because they make it seem that the undersigned is angling for a CJA appointment, but Mr. Isaku has firmly requested that he do so.

During the course of his early representation of Mr. Isaku, and during the course of his telephonic communications more recently, the undersigned has developed a congenial relationship with Mr. Isaku who, the Court will learn if it eventually is required to try or sentence him, is an affable, thoughtful, and realistic defendant.  Mr. Isaku has requested that the undersigned forward his request to the Court , that if the Court appoints counsel, it appoint the undersigned, and the undersigned would be pleased to accept the appointment.

*Conclusion:*  Because it seems clear that there has been an irretrievable breakdown of relations between Mr. Isaku and his attorney, and because it appears that Mr. Isaku would qualify for appointment under the Criminal Justice Act, the undersigned suggests that the Court make such an appointment and further suggests that appointment of successor counsel would resolve any *Curcio* conflict-of-interest issues that may exist.

    Respectfully submitted,

    s/s

    JEREMIAH DONOVAN
    123 Elm Street--Unit 400
    P.O. Box 554

JEREMIAH DONOVAN
ATTORNEY AT LAW • POST OFFICE BOX 554 • OLD SAYBROOK, CT 06475 • (860) 388-3750 • JURIS NO. 305346

Old Saybrook, CT 06475
(860) 388-3750
FAX 388-3181
Juris no. 305346
Fed.bar.no. CT 03536
jeremiah_donovan@sbcglobal.net